KIGHT *v.* MURDOCK

No. 43578 June 14, 1965 176 So. 2d 320

*Julian P. Alexander, Jr.,* Jackson, for appellant.

574

*Lipscomb & Barksdale,* Jackson, for appellee.

GILLESPIE, J.

Mrs. Lavada Kight, plaintiff below and appellant here, sued Robert Murdock, defendant below and appellee here, to recover damages for personal injuries sustained in an automobile collision. At the conclusion of the plaintiff's case the trial court sustained a motion for a directed verdict and entered judgment in favor of the defendant. Plaintiff appealed.

The parties are herein designated as plaintiff and defendant as they were in the trial court. Plaintiff alleged

that defendant drove his automobile on his left or wrong side of the highway so as to collide with plaintiff, who was traveling in the opposite direction. The specific acts of negligence charged included (1) failing to maintain a proper lookout; (2) failing to keep his vehicle under free and easy control; and (3) driving his vehicle on the left side of the highway in violation of Mississippi Code Annotated section 8182 (1956).

Plaintiff testified that on January 1, 1964, the date of the collision, the roads were partly covered with ice and snow. She proceeded up a hill which turned slightly to the right near the crest thereof and she saw the defendant's station wagon come into view. At some distance before the two vehicles met, the station wagon went into a slide and came over onto plaintiff's righthand side of the road and struck the plaintiff's automobile, causing her to be injured.

She testified that when she saw the car sliding toward her, she squared the wheel and put both feet on the floorboard because that was all she could do. Her car never left her right or proper lane of the highway. The highway slanted somewhat downward toward the south or plaintiff's lane at that point. There was a large shaded area from some trees on the south side of the highway and ice was on the highway in the shady areas. She testified that she was traveling no faster than 25 or 30 miles an hour and the defendant's station wagon was going approximately 20 or 25 miles per hour when it began to slide across to its left lane of traffic. Before the collision plaintiff had taken her foot off the accelerator and the car was rolling. There was a deep embankment to her right and she was afraid to either put on the brakes or turn to the right onto the shoulder of the road because she might go off the embankment.

The defendant Murdock, called as an adverse witness, testified that he spent the night in Meridian because he was snow-bound, and the next morning, after obtaining

information from the Mississippi Highway Patrol, he proceeded west on Highway 80 and drove to the place where the accident occurred; that the scenery along the highway was snow-covered and there was snow on the shoulders of the road. There were some icy places on the road which he had encountered from time to time in driving from Meridian to the place where the accident occurred. He stated that he saw the traffic stopped on his side of the road before he reached the crest of the hill. Prior to skidding into the plaintiff's car he applied his brakes before he got on the ice. He slid over onto the left side of the road, and as he slid, he passed cars that were parked because of a gravel truck at the bottom of the hill throwing sand and gravel on the icy places. These cars were stopped in his lane of traffic. He testified that when he was at the top of the hill, or as he approached the hill, he was going about 30 miles an hour. He had slowed to 20 or 25 miles per hour when he applied his brakes. When he put on his brakes, his car slid head-on into the plaintiff's automobile. The road was higher on his lane of traffic than it was on the left-hand lane. When he came into actual contact with plaintiff's car, he estimated his speed at 15 miles an hour.

Plaintiff also introduced photographs and estimates of the distances from the crest of the hill to the place where the accident occurred.

██ █ We hold that the evidence presented a jury question whether defendant's negligence was the proximate cause of the collision and injuries to plaintiff. It is the settled rule that when considering a motion for a directed verdict, all evidence in favor of the party against whom the motion is made must be considered as true and the evidence in contradiction thereof cannot be considered. When the evidence in this case is viewed in this light and all permissible inferences are considered, the motion for a directed verdict should have been overruled. It was a question for the jury whether defendant

was negligent in the several respects mentioned hereinabove.

Reversed and remanded.

*Ethridge, P. J., and Brady, Patterson and Inzer, JJ.,* concur.